PER CURIAM:
Claimant brought this action for property damage to his real estate which he alleges occurred as a result of respondent’s negligent maintenance of its roads. Claimant’s residence is located in Wayne County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
Claimant’s property is adjacent to Route 924, locally known as Mill Branch Road and Moore Road. Mr. Smith had a fence on his property that was located adjacent to Moore Road. The fence was damaged by large trucks and mobile homes traveling around a curve from Moore Road onto Mill Branch Road that was not wide enough for vehicles of this size to make the turn. The vehicles struck claimant’s fence on several occasions causing damage. Mr. Smith stated that respondent never placed a *91 sign in the area of his residence warning about the size of vehicles that could navigate this curve. He testified that respondent had purchased a home across the street from his residence in 2004 and had cut some of the bank, enabling trucks to make the turn without damaging his fence. Mr. Smith stated that he was not aware of which vehicles struck and damaged his fence. He further stated that he contacted respondent regarding this situation in 2003 or 2004. Claimant sustained damages totaling approximately $700.00. His home owners insurance deductible was $500.00.
The position of the respondent is that it is not the proper party in this action as the proper defendant would be the owner(s) or driver(s) of the vehicle(s) which struck the claimant’s fence.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In file instant case, the evidence established that the respondent did cause damage to claimant’s property. Consequently, there is no evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.